1  RONALD CRUZ, State Bar No. 267038
   SHANTA DRIVER, Michigan Bar No. P65007*
2  United for Equality and Affirmative Action Legal Defense Fund (UEAALDF)
   1985 Linden Street
3  Oakland, CA 94607
   (510) 875-4463 Fax: (313) 586-0089
4  ronald.cruz@ueaa.net, shanta.driver@ueaa.net
   Attorneys for Plaintiff
5  *Pro hac vice application pending

6

7

8              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
9
   YVETTE FELARCA,                          CASE NO.:
10
   Plaintiff,                               COMPLAINT FOR VIOLATION OF CIVIL
11                                          RIGHTS AND DAMAGES
   vs.
12                                          • 42 U.S.C. § 1983 (First and Fourteenth
   BERKELEY UNIFIED SCHOOL                    Amendments)
13 DISTRICT, SUPERINTENDENT                 • California Constitution Article 1, §§ 2, 7(a)
   DONALD EVANS, BEATRIZ LEYVA-             • California Labor Code §§ 96(k), 98.6, 221,
14 CUTLER, TY ALPER, JUDY APPEL,              222, 225, §§ 1101 et seq.
   JOSH DANIELS, KAREN HEMPHILL,            • Title VII of Civil Rights Act of 1964
15 LISA VAN THILLO, EVELYN                  • California Fair Employment and Housing
   TAMONDONG-BRADLEY, JANET                   Act (FEHA)
16 LEVENSON, MARC COPLAN, and               • California Education Code §§ 44110 et seq.
   DOES 1-10,                               • California Civil Code § 52.1(b)
17                                          • Educational Employment Relations Act
   Defendants.                                (EERA) (California Government Code §§
18 _____         3540 et seq.)
                                            • Intentional Infliction of Emotional Distress
19                                          • Defamation

20                                          DEMAND FOR JURY TRIAL

21

22         Pursuant to the Federal Rules of Civil Procedure, Plaintiff, by and through her

23 attorneys, UNITED FOR EQUALITY AND AFFIRMATIVE ACTION LEGAL

24 DEFENSE FUND (UEAALDF), states as follows:

**INTRODUCTION**

1.      This complaint is on behalf of Yvette FELARCA, a teacher at Berkeley Unified School District's ("BUSD's", "the District's") Martin Luther King Middle School, who has received only positive evaluations over her ten years of teaching with BUSD. Defendants are conducting a political witch-hunt against her, retaliating and discriminating against her for her political views, affiliations and off-duty political activities. FELARCA is also a long-time outspoken union activist: an elected school site representative, elected state delegate, and elected delegate to the national American Federation of Teachers (AFT) conventions.

2.      The District is punishing FELARCA for extending her devotion to the Latina/o, black, Muslim, other minority and immigrant students she teaches to off-duty efforts to defend their rights and basic safety outside the classroom, most importantly from the rise in racism and far-right violence that have accompanied the Trump presidential campaign.

3.      Four days after FELARCA and eight other unarmed counter-protesters were stabbed by violent, armed Nazis at one of the Nazis' recruitment rallies in Sacramento on June 26, 2016, Defendants publicly defamed FELARCA and issued her a disciplinary letter that unlawfully and without due process docked her pay and ranted against her political beliefs, affiliations, and off-duty activities. On September 21, 2016, when FELARCA started engaging in concerted activity with her union and students, parents, and community members, Defendants placed her on involuntary leave, with no end date in sight, on undisclosed charges. BUSD has also given her a set of directives that illegally restrict her First Amendment rights, right to engage in concerted union activity, and academic freedom.

4.     The District's witch-hunt has broadened to include racially-targeted interrogations of nearly all of FELARCA's current students and many of her former immigrant and English Language Development (ELD) students. Felarca's current and former Latina/o students have been pulled out of their classrooms by District administrators and attorneys on false pretenses, interrogated about FELARCA, and given implied threats against their families.

5.     BUSD's actions have also had a chilling effect on the free speech and academic freedom of other teachers. FELARCA was removed from the middle of a staff meeting. Three of FELARCA's colleagues who have attended public meetings and School Board protests and speak-outs to support her were informed that the funding to pay them for afterschool programs that they have run for 12-20 years is in jeopardy or no longer exists. All these are attempts by BUSD to prevent teachers from feeling that they can express their political opinions and their First Amendment rights as teachers.

6.     FELARCA's case has drawn support from the local, state, national, and international organizations. The District's actions present a threat to democratic principles and the egalitarian goals of public education. Court action is needed to make FELARCA whole, prevent BUSD from establishing dangerous precedents, and prevent the chilling effect of Defendants' actions on teachers, staff, students, and parents in BUSD and beyond.

## JURISDICTION AND VENUE

7.     This is a civil rights action arising from Defendants' actions against Plaintiff Yvette FELARCA ("Plaintiff") beginning June 26, 2016 in Berkeley, California in Alameda County. This action is brought pursuant to: 42 USC §1983; the First and Fourteenth Amendments to the United States Constitution; Title VII of the Civil Rights

1    Act of 1964; the California Constitution; California's Fair Employment and Housing Act

2    (FEHA); California Labor Code §§ 96(k), 98.6, 221, 222, 225, 1101; California

3    Education Code § 44110 et seq.; California Civil Code § 52.1(b); the California

4    Educational Employment Relations Act (EERA); state common law; and related state law

5    statutes, codes, and regulations.

6    8.     Plaintiff resides in Oakland, California. All the Defendants reside and/or work in

7    Berkeley, California. The events, acts, and/or omissions complained of herein occurred in

8    Alameda County, California, and this action is properly assigned to the U.S. District

9    Court of California, Northern District.

10   9.     This Court has subject matter jurisdiction under 28 USC § 1331 and 28 USC §

11   1343(3). This Court has supplemental jurisdiction of related state claims from the same

12   case or controversy under 28 USC § 1367(a).

13   10.    This action is timely filed within all applicable statutes of limitation.

14                          **INTRADISTRICT ASSIGNMENT**

15   11.    A substantial part of the events which give rise to this claim occurred in Alameda

16   County, making assignment to the Oakland Division appropriate under Civil L.R. 3-2(d).

17                                  **PARTIES**

18   12.    Plaintiff Yvette FELARCA is a teacher at Berkeley Unified School District

19   ("BUSD"). She is also an immigrant from the Philippines, an Asian American, and a

20   member of the Coalition to Defend Affirmative Action, Integration, and Immigrant

21   Rights and Fight for Equality By Any Means Necessary (BAMN). She is a member of the

22   union Berkeley Federation of Teachers (BFT). She is the elected BFT site representative

23   for teachers at Martin Luther Middle School ("King Middle School") and an elected

24   member of BFT's executive board. At all material times she was and is a resident of the

State of California, County of Alameda. She brings these claims on her own behalf and as a Private Attorney General to vindicate constitutional rights of the highest importance.

13.     Defendant Berkeley Unified School District ("BUSD") is a public entity and an educational service agency established and maintained by the laws and constitution of the State of California, and owns, operates, manages, directs, and employs and/or is responsible for other Defendants in this action. Pursuant to California Government Code § 815.2, Defendant BUSD is vicariously liable for state law torts of its employees and agents, including but not limited to those named as Defendants herein.

14.     Defendant Dr. Donald EVANS was at all material times and is Superintendent of BUSD and acting within the course and scope of that employment. He reports directly to the Directors of the BUSD Board of Education. Defendant Dr. EVANS is sued in his individual and official capacities.

15.     Defendant Beatriz LEYVA-CUTLER was at all material times and is President and a Director of the BUSD Board of Education. Defendant LEYVA-CUTLER is sued in her individual and official capacities.

16.     Defendant Ty ALPER was at all material times and is a Director of the BUSD Board of Education. Defendant ALPER is sued in his individual and official capacities.

17.     Defendant Judy APPEL was at all material times and is a Director of the BUSD Board of Education. Defendant APPEL is sued in her individual and official capacities.

18.     Defendant Josh DANIELS was at all material times and is a Director of the BUSD Board of Education. Defendant DANIELS is sued in his individual and official capacities.

19.     Defendant Karen HEMPHILL was at all material times and is a Director of the BUSD Board of Education. Defendant HEMPHILL is sued in her individual and official capacities.

20.     Defendant Lisa VAN THILLO has been BUSD Assistant Superintendent of Human Resources since before September 21, 2016. She reports directly to Defendant BUSD Superintendent Dr. Donald EVANS. She is sued in her individual and official capacities.

21.     Defendant Evelyn TAMONDONG-BRADLEY was at all material times and is BUSD Director of Personnel Services. She reports directly to Defendant VAN THILLO. She is sued in her individual and official capacities.

22.     Defendant Janet LEVENSON was at all material times and is Principal of BUSD's Martin Luther King Middle School ("King Middle School"). She is sued in her individual and official capacities.

23.     Defendant Mark COPLAN was BUSD Public Information Officer in June 2016. He is sued in his individual capacity.

24.     Defendant Jane DOE 1 was at all material times and is a private attorney working as an agent for BUSD. She is sued in her individual and official capacities.

25.     The true names and capacities of Defendants sued herein as DOES 1-10 are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show these Defendants' true names and capacities when they are ascertained. At all material times, each of the DOE Defendants was an employee and/or agent of Defendant BUSD, and at all material times acted within the course and scope of that relationship. Plaintiff is informed and believes, and thereon alleges, that each Defendant so named was negligently, wrongfully, or

1   otherwise responsible in some manner for the damages sustained by Plaintiff as set forth

2   herein. Further, one or more DOE Defendants was at all material times responsible for

3   the supervision and discipline of other Defendants, including DOE Defendants.

4   26.     Plaintiff is informed and believes and thereon alleges that each of the Defendants

5   sued herein was negligently, intentionally, recklessly, wrongfully, and otherwise

6   responsible in some manner for the events and happenings as hereinafter described, and

7   proximately caused damages to Plaintiff.

8   27.     Plaintiff is informed and believes, and thereon alleges, that each of the Defendants

9   was at all material times, an agent, servant, employee, partner, joint venturer, co-

10  conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein

11  alleged, was acting within the course and scope of that relationship. Plaintiff is further

12  informed and believes, and thereon alleges, that each of the Defendants herein gave

13  consent, aid, and assistance to other Defendants, and ratified and/or authorized the acts or

14  omissions as alleged herein, except as may be hereafter otherwise specifically alleged. At

15  all material times, each Defendant was both jointly engaged in tortious activity and an

16  integral participant in the conduct described herein, resulting in the deprivation of

17  Plaintiff's constitutional and statutory rights and other harm.

18  28.     At all material times, each Defendant acted under color of the laws, statutes,

19  ordinances, policies, practices, customs, and usages of the State of California and BUSD.

20  29.     Plaintiff is informed and believes, and thereon alleges, that at all material times,

21  Defendants, and each of them, were and are persons and entities whose conduct is

22  governed and regulated by all California laws and statutes, including the common law,

23  the California Constitution, and the public policy of the State of California.

24

30.     Plaintiff is informed and believes, and thereon alleges, that the unlawful actions complained of herein, as a result of which Plaintiff sustained the damages enumerated below, were and are violations of the laws of the State of California and the United States.

31.     This action is timely filed within all applicable statutes of limitation.

**ALLEGATIONS**

32.     Plaintiff realleges each and every paragraph in this Complaint as if fully set forth here.

33.     Plaintiff Yvette FELARCA is a Filipina-American teacher at Berkeley Unified School District's ("BUSD's") Martin Luther King Middle School ("King Middle School"). She teaches 7th grade Humanities (English and History). She also teaches a Humanities class comprised entirely of English Language Development (ELD) students, grades 6-8.

34.     FELARCA has taught in BUSD since 2006. Since then, she has received nothing but positive evaluations for her teaching from site administration.

35.     FELARCA is also a member of the Coalition to Defend Affirmative Action, Integration and Immigrant Rights and Fight for Equality By Any Means Necessary (BAMN).

36.     FELARCA is also leader of the Equal Opportunity Now/By Any Means Necessary Caucus ("EON/BAMN Caucus") of the Berkeley Federation of Teachers ("BFT"). The BFT represents all teachers within BUSD. As a BFT caucus, the EON/BAMN Caucus fights for public education and racial integration. As leader of the EON/BAMN Caucus, FELARCA has organized teachers to demand better pay and benefits, defended teachers of color and special education students, and has opposed

1  efforts to privatize the District and to retreat from the District's historic commitment to

2  racial integration.

3  37.     FELARCA'S years of devotion to her students inside and outside the classroom

4  have distinguished her as a champion, voice, and inspiration for minority and immigrant

5  students in BUSD. Her years of fighting for the rights of her fellow teachers and students

6  now mean that the Berkeley Federation of Teachers (BFT) members at her worksite now

7  regularly elect her site representative of King Middle School, and BFT members elect her

8  as a member of BFT's Executive Board. FELARCA has also been a regularly elected

9  BFT delegate to the California Federation of Teachers (CFT) conventions and American

10  Federation of Teachers (AFT) conventions. FELARCA has been very vocal at the AFT

11  conventions in expressing opposition to the privatization policies of Arne Duncan, and at

12  the July 2016 convention demanding that Hillary Clinton break with the Democratic

13  Party's attacks on public education.

14  38.     In June 2016, Nazis and other racists, emboldened by the presidential campaign of

15  Donald Trump, announced their intention to hold a demonstration at the State Capitol in

16  Sacramento on June 26, 2016. There, they attacked minorities and immigrants who were

17  gathered there, stabbing nine people and sending them to the hospital. The racists stabbed

18  FELARCA and cracked her head open. She spoke to television reporters afterward

19  against the danger of the Nazis and encouraged more people to protest against them.

20  39.     In the immediate aftermath, anonymous racists sent violent threats to FELARCA

21  and threatened the District, demanding that it fire her within a week. The purpose of these

22  threats was to get FELARCA fired as retaliation for opposing the Nazis.

23

24

June 2016 BUSD Retaliation

40.     The District, instead of defending FELARCA and the Latina/o, black, Muslim, and other minority and immigrant students at King who are the immediate targets of racist violence, embarked on a path to retaliate against and try to drive FELARCA out of the District.

41.     On June 29, 2016, Superintendent Donald EVANS and BUSD Board of Education President Beatriz LEYVA-CUTLER sent an email to all BUSD parents and staff ("the June 29 Message"). This message, titled "Important Community Message from Superintendent & Board President," was also posted on the District's web page. The June 29 Message stated openly that it would take action against FELARCA: "We have... been fielding messages asking whether the teacher in question will be fired for her political activities... Although there are protections for our employees, we also want to be clear that they must comply with Board policies with respect to classroom discussions of controversial topics." The June 29 Message slandered FELARCA, questioning her ethics and professionalism.

42.     Defendant BUSD Public Information Officer Mark COPLAN also slandered and redbaited FELARCA, telling the *Los Angeles Times:* "The anarchist group known as BAMN has a history of disruption and violence [sic], usually to the detriment of the causes they claim to support."

43.     FELARCA was emotionally distraught from these public attacks on her character, and she received a deluge of further death threats.

44.     Four days after FELARCA participated in and was stabbed in the anti-Nazi protest in Sacramento, Defendant BUSD Director of Personnel Services Evelyn TAMONDONG-BRADLEY sent her a "Notice of Unprofessional Conduct and

Unsatisfactory Performance" ("NUC/NUP Letter"), which lay the basis for further disciplinary action including termination. The NUC/NUP Letter ran at 29 pages and levied numerous vague charges, including personalistic attacks on her character and a redbaiting diatribe against FELARCA for her political views and organizational affiliation with the civil rights group BAMN.

45.     The District mentioned BAMN 21 times and included 315 pages of exhibits which largely chronicled her off-duty activities with BAMN over the previous three years as its "evidence."

46.     Additionally, the District retroactively unapproved 25.17 of FELARCA's sick days and personal leave days from the previous two years.

47.     By taking an employee's wages and withdrawing funds from her bank account, BUSD flouted California Labor Code that prohibits employers from withholding wages without making a claim before a court and without an employee's consent.

48.     A number of the sick days the District retroactively unapproved were days for which FELARCA had a doctor's note. Furthermore, the "Collective Bargaining Agreement Between The Berkeley Unified School District and The Berkeley Federation of Teachers July 1, 2015 – June 30, 2017" ("BUSD/BFT Contract") requires that the District provide an employee with a timely request for documentation for a doctor's note. On none of the occasions had FELARCA's principal, Defendant Principal Janet LEVENSON, asked her for a doctor's note.

49.     In the NUC/NUP Letter, the District retroactively unapproved several of FELARCA's personal leave days, claiming that employees could not use their personal leave days to attend political protests and claiming that FELARCA had used them for this purpose. It claimed that political protests for immigrant rights, affirmative action, and

1    public education are "recreational activities," which they are not. Besides violating the

2    First Amendment, the District's position contradicted the text of the contract and the

3    BFT's stated position on the contract.

4    50.    FELARCA's personal leave days that the District retroactively unapproved were

5    days on which FELARCA had engaged in activities explicitly delineated in the

6    BUSD/BFT Contract, such as family health emergencies, meetings with one's lawyer,

7    and legal proceedings.

8    51.    On these bases, the District reached into FELARCA's bank account on August

9    31, 2016, made an unauthorized withdrawal, and reclaimed her entire pay for that month.

10   52.    In the NUC/NUP Letter, the District claimed further that FELARCA had

11   "unsatisfactory performance," in violation of the procedure mandated under the

12   BUSD/BFT contract to evaluate her teaching. The District made the demagogic,

13   redbaiting, unsupported claim that her classroom teaching consisted of political

14   "indoctrination" of her students. No one had ever filed a written complaint, as required by

15   the BUSD/BFT Contract, against FELARCA for her teaching. Without any evidence to

16   stand on, the District then attacked FELARCA simply for *requesting* permission to take

17   her students on a field trip that included a rally at UC-Berkeley for black, Latina/o, and

18   other minority students to attend college. That request had been denied by Defendant

19   Principal LEVENSON, and FELARCA did not take the field trip.

20   53.    The District concluded the NUC/NUP Letter with a number of illegal directives,

21   including prohibiting FELARCA from using personal leave time to participate in political

22   protests, a ban on using her classroom and her work e-mail, in her off-duty time, to

23   discuss matters that are not "work-related" with her co-workers and fellow union

24

1    members, and illegal incursions on her right of academic freedom to make her classroom

2    inclusive to students of all racial backgrounds and national origins.

3
     Involuntary, indefinite administrative leave, ban from BUSD property, and directive not
4    to communicate with anyone

5    54.    The District took no further action beyond the NUC/NUP Letter for the next three

6    months. FELARCA resumed teaching on August 30, 2016. Over the next three weeks,

7    FELARCA did not disobey any directives from the NUC/NUP letter, and no BUSD

8    official claimed to her that she did.

9    55.    Beginning in September 2016, FELARCA engaged in concerted activities within

10   her union to reverse the District's actions.

11   56.    On September 14, 2016, FELARCA wrote an open letter to the BFT Grievance

12   Committee requesting that it file a grievance on behalf of the entire union against

13   BUSD's actions against FELARCA.

14   57.    On September 18, 2016, the Grievance Committee informed FELARCA at her

15   work e-mail (which is accessible to and monitored by the District) that the Grievance

16   Committee would file a grievance to reverse BUSD's docking of FELARCA's pay.

17   58.    Over the next days, FELARCA organized other BFT members, students, and

18   community members to protest the District's actions by speaking at the Berkeley Board

19   of Education's September 21, 2016 meeting.

20   59.    The District retaliated against FELARCA for these actions. On the morning of

21   September 21, 2016, BUSD officials unknown to the students pulled a group of

22   FELARCA's current and former ELD students out of their classrooms. Each student was

23   interrogated alone without being informed what the purpose of the interrogation was and

24

1   without any notification to their parents. For all the students, English is their second

2   language.

3   60.     Without charges and without a case against Felarca, DOE 1 and DOE 2 conducted

4   interviews that were strictly fishing expeditions.

5   61.     On the afternoon of September 21, 2016, during a site-wide faculty meeting of all

6   teachers, Principal Janet LEVENSON pulled FELARCA out of the meeting and informed

7   her to take her bag with her. When FELARCA asked whether she needed her union

8   representative, LEVENSON told her that it was not necessary since Personnel Director

9   Evelyn TAMANDONG-BRADLEY was there to give her something. FELARCA got her

10  union representative, Robin Goldman, and ELD department chair Patty Rathwell to

11  accompany her.

12  62.     TAMANDONG-BRADLEY informed FELARCA that she had to take her

13  personal belongings from her classroom and leave District property immediately. She

14  gave FELARCA a letter ("Leave Letter") from Defendant BUSD Interim Assistant

15  Superintendent of Human Resources Lisa VAN THILLO.

16  63.     This letter informed Felarca that she was immediately placed on involuntary paid

17  administrative leave, pending completion of a District investigation of "inappropriate

18  conduct." The letter gave no information as to what the allegations were. Nor did the

19  Leave Letter give any estimated end date for the investigation. Thus, the directive toward

20  Felarca was vague and overly broad, instructing Felarca not to communicate with anyone

21  until the completion of this investigation of indeterminate length.

22  64.     Additionally, the BUSD/BFT Contract mandates a procedure for students and

23  parents to make complaints against teachers. It states that "the complaint shall be reduced

24  to writing by the complainant and copies provided the District Compliance Officer

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES                14

(DCO) and the teacher. A summary of the complaint will be provided to the teacher at or before the beginning of any interview with the teacher about the complaint." No such complaint has been provided to FELARCA.

65.     The District, not finding evidence to support the accusations it would like to make against FELARCA, has drawn out the investigation and expanded its interrogations of students to fish for more information to use to manufacture a case. The District has targeted Berkeley High School students who are FELARCA's former ELD students and/or who have expressed support for FELARCA.

66.     In October 2016, Latina Berkeley High School students who had spoken at Berkeley Board of Education meetings demanding the reinstatement of FELARCA were pulled out of their classrooms and told to meet with District officials JANE DOE 1 and JANE DOE 2, who interrogated these students about everything they knew about FELARCA. They were even asked where their parents were from and whether their parents spoke English: a veiled threat against their families if they did not cooperate with the District's witch-hunt.

67.     The District has interrogated most of FELARCA's current ELD students and many of her former ELD students.

68.     Three of FELARCA's colleagues who had attended public meetings and School Board protests and speak-outs to support her were informed that the funding to pay them for afterschool programs that serve ELD students, special education students, and the student body in general that they have run for 12-20 years were in jeopardy or no longer existed.

69.     As a result of Defendants' actions, Plaintiff FELARCA has suffered ongoing severe emotional distress, anxiety, humiliation, mortification, and depression.

70.     Plaintiff FELARCA has suffered panic attacks, repressed appetite, weight loss, dizziness, and increased emotional distress resulting from attacks by Defendants in this case.

71.     The forced removal of FELARCA severs her important and meaningful connections with students and coworkers.

72.     Since FELARCA's removal from the classroom, FELARCA's students have lacked a certified teacher, and her ELD students have lacked a teacher trained to teach ELD students.

73.     Defendants' actions send a clear and dangerous message to BUSD teachers, staff, students, and parents that they will be witch-hunted and driven out of BUSD if they choose to act against racism and injustice and exercise their rights on their own time.

74.     On information and belief, Defendants targeted Plaintiff FELARCA for her lawful exercise of her rights to free speech, academic freedom, due process, and to engage in concerted union activity.

75.     On information and belief, Defendant BUSD, its policymakers and managing agents and employees including, but not limited to, Defendants EVANS, LEYVA-CUTLER, ALPER, APPEL, DANIELS, HEMPHILL, VAN THILLO, TAMONDONG-BRADLEY, LEVENSON , and COPLAN, and other as-yet unknown employees and agents of Defendants BUSD, negligently, recklessly, otherwise wrongfully and with deliberate indifference to the rights BUSD teachers and staff, including Plaintiff FELARCA, failed to properly screen, investigate, hire, train, supervise, and/or discipline unknown employees and Defendants.

76.     Defendants' actions and omissions were done under color of law and within the course and scope of their employment, and were done pursuant to unconstitutional customs, policies, and procedures of Defendants BUSD.

77.     Defendant BUSD is also responsible for Plaintiff FELARCA's injuries through its own acts and omissions, negligent or otherwise, by failing to properly and adequately investigate, train, supervise, monitor, instruct, and discipline their employees, officers, and other personnel, including the officers identified herein.

78.     At all material times, and alternatively, the actions and omissions of each Defendant were intentional, knowing, wanton and/or willful, reckless, malicious, deliberately indifferent to and with conscious disregard for the rights of Plaintiff and others, done with oppression, fraud, malice, actual malice, grossly negligent, negligent, and objectively unreasonable.

79.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following damages, past and future, among others:

a.      Loss of pay;

b.      Loss of reputation;

c.      Emotional pain and suffering, including severe emotional distress;

d.      Invasion of privacy;

e.      Violation of federal and California constitutional rights; and

f.      All compensatory and punitive damages, attorneys' fees, costs, and penalties recoverable under 42 U.S.C. §§ 1983, 1988, and 12205; 29 U.S.C. § 794a; California Civil Code §§ 52.1(b), and 3294; California Code of Civil Procedure § 1021.5; and as otherwise allowed under California and United States statutes, codes, and common law.

**COUNT ONE: Violation of Freedom of Speech and Association
(First Amendment to U.S. Constitution; Article I, Section 2 of California
Constitution, 42 U.S.C. § 1983)
<u>AGAINST DEFENDANTS EVANS, LEYVA-CUTLER, ALPER, APPEL,
DANIELS, HEMPHILL, VAN THILLO, TAMONDONG-BRADLEY,
LEVENSON, COPLAN, and DOES 1-10</u>**

80.      Plaintiff realleges each and every paragraph in this Complaint as if fully set forth here.

81.      It is established and well-settled that the First and Fourteenth Amendments to the United States Constitution and Article I, Section 2 of the California Constitution protect the rights of freedom of speech and freedom of association.

82.      In the United States, "it can hardly be argued that either students or teachers shed their constitutional rights to freedom of speech or expression at the schoolhouse gate." *Tinker v. Des Moines Indep. Cmty. Sch. Dist.,* 393 U.S. 503, 506 (1969). The First Amendment guarantees that teachers may speak on "issues of public importance," including when such speech criticizes the school district administration: *Pickering v. Board of Education,* 391 U.S. 563, 574 (1968).

83.      The government may not discriminate against an individual simply because of one's mere membership with an organization without violating the First Amendment. *Elfbrandt v. Russell,* 384 U.S. 18 (1966).

84.      As a direct and proximate result of the acts and/or omissions of Defendants EVANS, LEYVA-CUTLER, ALPER, APPEL, DANIELS, HEMPHILL, VAN THILLO, TAMONDONG-BRADLEY, LEVENSON, COPLAN, and DOES 1-10 as set forth above, including (1) taking adverse actions against Plaintiff FELARCA in retaliation for, and because of, her political beliefs, affiliations, and off-duty political activities, (2) imposing discriminatory restrictions on her use of personal leave time, and (3) vague,

1  overbroad restrictions on her freedom of speech, Plaintiff FELARCA sustained damages

2  as set forth at ¶ 80 above.

3  85.    Defendants EVANS, LEYVA-CUTLER, ALPER, APPEL, DANIELS,

4  HEMPHILL, VAN THILLO, TAMONDONG-BRADLEY, LEVENSON, COPLAN, and

5  DOES 1-10 subjected Plaintiff FELARCA to their wrongful conduct and deprived her of

6  rights described herein knowingly, maliciously, and with conscious and reckless

7  disregard for whether the rights of Plaintiff FELARCA and others would be violated by

8  their acts and/or omissions.

9  86.    The conduct of Defendants EVANS, LEYVA-CUTLER, ALPER, APPEL,

10  DANIELS, HEMPHILL, VAN THILLO, TAMONDONG-BRADLEY, LEVENSON,

11  COPLAN, and DOES 1-10 entitles Plaintiff FELARCA to exemplary and punitive

12  damages and penalties allowable under 42 U.S.C. § 1983 and California law.

13  87.    Plaintiff FELARCA is also entitled to reasonable costs and attorneys' fees under

14  42 U.S.C. § 1988, Cal. Code Civ. Proc. § 1021.5, and other applicable California codes

15  and law.

16

17  **COUNT TWO: Undue Influence, Retaliation and Discrimination for Political Activities and Affiliations**
**(California Labor Code §§ 96(k), 98.6, 1101)**

18  <u>**AGAINST DEFENDANT B.U.S.D.**</u>

19  88.    Plaintiff realleges each and every paragraph in this complaint as if fully set forth

20  here.

21  89.    The California Labor Code states that "[n]o employer shall make, adopt, or

22  enforce any rule, regulation, or policy… [c]ontrolling or directing, or tending to control

23  or direct the political activities or affiliations of employees." Cal. Labor Code. § 1101.

24  Furthermore, "No employer shall coerce or influence or attempt to coerce or influence his

employees through or by means of threat of discharge or loss of employment to adopt or follow or refrain from adopting or following any particular course or line of political action or political activity." *Id.*

90.     The California Labor Code also states that an employer "shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against employee… because the employee… engaged in… lawful conduct occurring during nonworking hours away from the employer's premises." Cal. Labor Code §§ 96(k), 98.6.

91.     As a direct and proximate result of the acts and/or omissions of Defendant BUSD as set forth above, including, via its employees and/or agents, (1) taking adverse actions against Plaintiff FELARCA in retaliation for, and because of, her political beliefs, affiliations, and off-duty political activities, (2) controlling and directing her political activities and affiliations via discriminatory restrictions on her use of personal leave time, and (3) directives interfering with her rights to free speech and free association, Plaintiff FELARCA sustained damages as set forth at ¶ 80 above.

92.     Defendant BUSD is liable for a civil penalty of $10,000 under California Labor Code Section 98.6(b)(3).

93.     Plaintiff FELARCA is entitled to reasonable costs and attorneys' fees under Cal. Code Civ. Proc. § 1021.5 and other applicable California codes and law.

**COUNT THREE: Racially Hostile Work Environment**
**(Title VII of Civil Rights Act of 1964; California Fair Employment and Housing Act (FEHA))**
**<u>AGAINST DEFENDANT B.U.S.D.</u>**

94.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

95.     Plaintiff FELARCA is a Filipina American and was born in the Philippines. She is

an Asian American. She immigrated to the United States and became a U.S. Citizen.

96.     An employer violates Title VII and the California Fair Employment and Housing

Act if it fosters a racially hostile work environment. This occurs, where an employee is

"subjected to verbal or physical conduct of a racial or sexual nature; (2) ... the conduct

was unwelcome; and (3) ... the conduct was sufficiently severe or pervasive [so as] to

alter the conditions of the plaintiff's employment." *Vasquez v. County of Los Angeles,*

349 F.3d 634, 642 (9th Cir. 2003).

97.     After the June 26, 2016 protest in which Plaintiff and eight other unarmed

protesters were stabbed by white racists, Plaintiff was subjected to numerous racist

threats, including death and rape, against her. She was subjected to racist and political

hostility impugning her qualifications and character from members of the Berkeley

community and beyond. The District, instead of giving concern about her well-being after

being stabbed by racists and exposed to numerous threats, gave her hostility and the

disciplines. The District's subsequent actions defamed her, employed racist stereotypes,

exposed her to more threats, and fostered a racially hostile work environment.

98.     As a direct and proximate result of the acts and/or omissions of Defendant BUSD

as set forth above, including, via its employees and/or agents, (1) defaming Plaintiff after

she was stabbed and subjected to death threats from racists and causing more violent

threats to be brought against her, (2) treating and describing Plaintiff as violent,

untrustworthy, and disloyal, (3) conducting racially targeted interviews of her current and

former ELD students and Latina/o students, and (4) admonishing, harassing, and berating

her for defending the rights of Latina/o, black, Muslim, other minority people and

1  immigrants inside and outside the classroom, Plaintiff FELARCA sustained damages as

2  set forth at ¶ 80 above.

3  99.    Plaintiff FELARCA is entitled to reasonable costs and attorneys' fees under 42

4  U.S.C. § 2000e-5(k), Cal. Govt. Code § 12965(b), Cal. Code Civ. Proc. § 1021.5 and

5  other applicable California codes and law.

6

7  **COUNT FOUR: Deprivation of Rights Without Due Process of Law**
   **(Fourteenth Amendment to U.S. Constitution; Article I, Section 7(a) of California**
   **Constitution)**

8  **AGAINST DEFENDANTS EVANS, LEYVA-CUTLER, ALPER, APPEL,**
   **DANIELS, HEMPHILL, VAN THILLO, TAMONDONG-BRADLEY,**

9  **LEVENSON, COPLAN, and DOES 1-10**

10  100.    Plaintiff realleges each and every paragraph in this complaint as if fully set forth

11  here.

12  101.    "The essence of due process is the requirement that 'a person in jeopardy of

13  serious loss [be given] notice of the case against him and opportunity to meet it.' "

14  Mathews v. Eldridge, 424 U.S. 319, 348 (1976).

15  102.    Additionally, the California Constitution's Due Process Clause protects "the

16  dignitary interest in informing individuals of the nature, grounds, and consequences of

17  the action and in enabling them to present their side of the story before a responsible

18  government official." *Today's Fresh Start, Inc. v. Los Angeles County Office of Educ.,* 57

19  Cal. 4th 197, 213 (2013) (quoting *People v. Allen, supra,* 44 Cal.4th 843, 862–63 (2008).

20  103.    As a direct and proximate result of the acts and/or omissions of Defendants

21  EVANS, LEYVA-CUTLER, ALPER, APPEL, DANIELS, HEMPHILL, VAN THILLO,

22  TAMONDONG-BRADLEY, LEVENSON, and DOES 1-10 as set forth above, including

23  (1) unilaterally docking her pay without giving sufficient notice of its action to allow her

24  to dispute such action, (2) removing her from her classroom beginning September 21,

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES                    22

1   2016, (3) banning her from BUSD property beginning September 21, 2016, (4) not

2   disclosing any specific charges against her, and (5) directing her not to communicate with

3   anyone until the conclusion of BUSD's investigation into undisclosed charges of an

4   indeterminate length, Plaintiff FELARCA sustained damages as set forth at ¶ 80 above.

5   104.    Defendants EVANS, LEYVA-CUTLER, ALPER, APPEL, DANIELS,

6   HEMPHILL, VAN THILLO, TAMONDONG-BRADLEY, LEVENSON, and DOES 1-

7   10 subjected Plaintiff FELARCA to their wrongful conduct and deprived her of rights

8   described herein knowingly, maliciously, and with conscious and reckless disregard for

9   whether the rights of Plaintiff FELARCA and others would be violated by their acts

10  and/or omissions.

11  105.    The conduct of Defendants EVANS, LEYVA-CUTLER, ALPER, APPEL,

12  DANIELS, HEMPHILL, VAN THILLO, TAMONDONG-BRADLEY, LEVENSON,

13  and DOES 1-10 entitles Plaintiff FELARCA to exemplary and punitive damages and

14  penalties allowable under 42 U.S.C. § 1983 and California law.

15  106.    Plaintiff FELARCA is also entitled to reasonable costs and attorneys' fees under

16  42 U.S.C. § 1988, Cal. Code Civ. Proc. § 1021.5, and other applicable California codes

17  and law.

18

**COUNT FIVE: Unilateral Withholding of Wages**
**(California Labor Code §§ 221, 222, 225)**
19  **AGAINST DEFENDANTS B.U.S.D., EVANS, VAN THILLO, TAMONDONG-**
20  **BRADLEY, and DOES 1-10**

21  107.    Plaintiff realleges each and every paragraph in this complaint as if fully set forth

22  here.

23

24

108.    The California Labor Code states: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Cal. Labor Code. § 221.

109.    This law is "declarative of a strong public policy against fraud and deceit in the employment relationship. Even where fraud is not involved, however, the Legislature has recognized the employee's dependence on wages for the necessities of life and has, consequently, disapproved of unanticipated or unpredictable deductions because they impose a special hardship on employees." *Hudgins v. Nieman Marcus Group Inc.,* 34 Cal.App.4th 1109, 1118-19 (1995).

110.    The California Labor Code states: "It shall be unlawful, in case of any wage agreement arrived at through collective bargaining, either willfully or unlawfully or with intent to defraud an employee, a competitor, or any other person, to withhold from said employee any part of the wage agreed upon." Cal. Labor Code. § 222.

111.    The California Labor Code states: "The violation of any provision of Sections 221, 222, 222.5 or 223 is a misdemeanor." Cal. Labor Code. § 225.

112.    "[T]he government cannot utilize self-help methods to recoup wages paid." *CSEA v. State of California,* 198 Cal.App.3d 374 (1988).

113.    As a direct and proximate result of the acts and/or omissions of Defendants BUSD, EVANS, VAN THILLO, TAMONDONG-BRADLEY, and DOES 1-10 as set forth above docking Plaintiff FELARCA of 25.17 days pay, Plaintiff FELARCA sustained damages as set forth at ¶ 80 above.

114.    The actions of these Defendants were intentional, and so each is subject to a $200 penalty and they must pay Plaintiff her wages due plus 25 percent of the amount unlawfully withheld. Cal. Labor Code 225.5(b).

115.    Plaintiff FELARCA is entitled to reasonable costs and attorneys' fees under Cal.

Code Civ. Proc. § 1021.5 and other applicable California codes and law.

**COUNT SIX: Violation of Whistleblower Laws**
**(California Education Code §§ 44110 *et seq.*; California Labor Code §§ 1101 *et seq.*)**
**AGAINST DEFENDANTS B.U.S.D., EVANS, LEYVA-CUTLER, ALPER, APPEL,**
**DANIELS, HEMPHILL, VAN THILLO, and DOES 1-10**

116.    Plaintiff realleges each and every paragraph in this Complaint as if fully set forth

here.

117.    California's Reporting by School Employees of Improper Governmental

Activities Act states: "An employee may not directly or indirectly use or attempt to use

the official authority or influence of the employee for the purpose of intimidating,

threatening, coercing, commanding, or attempting to intimidate, threaten, coerce, or

command any person for the purpose of interfering with the right of that person to

disclose to an official agent matters within the scope of this article." Cal. Educ. Code

44113(a).

118.    The California Labor Code states: "An employer, or any person acting on behalf

of the employer, shall not retaliate against an employee for disclosing information, or

because the employer believes that the employee disclosed or may disclose information,

to... a person with authority over the employee or another employee who has the

authority to investigate, discover, or correct the violation or noncompliance... if the

employee has reasonable cause to believe that the information discloses a violation of

state or federal statute, or a violation of or noncompliance with a local, state, or federal

rule or regulation." Cal. Labor Code 1102.5

119.    In September 2016, FELARCA was engaged in concerted activity within her

union and among students, parents, and community members to protest the unjust

1    disciplinary actions against her to the September 21, 2016 BUSD Board of Education. On

2    that day, she was placed on administrative leave, banned from BUSD property, and

3    ordered not to communicate with anyone in a letter by Defendant BUSD Assistant

4    Superintendent Lisa VAN THILLO.

5    120.    As a direct and proximate result of the acts and/or omissions of Defendants

6    BUSD, EVANS, TAMONDONG-BRADLEY, LEYVA-CUTLER, ALPER, APPEL,

7    DANIELS, HEMPHILL, VAN THILLO, and DOES 1-10 as set forth above, Plaintiff

8    FELARCA sustained damages as set forth at ¶ 80 above.

9    121.    Defendants EVANS, TAMONDONG-BRADLEY, LEYVA-CUTLER, ALPER,

10   APPEL, DANIELS, HEMPHILL, VAN THILLO, and DOES 1-10 subjected Plaintiff

11   FELARCA to their wrongful conduct and deprived her of rights described herein

12   knowingly, maliciously, and with conscious and reckless disregard for whether the rights

13   of Plaintiff FELARCA and others would be violated by their acts and/or omissions.

14   122.    The conduct of Defendants EVANS, TAMONDONG-BRADLEY, LEYVA-

15   CUTLER, ALPER, APPEL, DANIELS, HEMPHILL, VAN THILLO, and DOES 1-10

16   entitles Plaintiff FELARCA to exemplary and punitive damages and penalties allowable

17   under 42 U.S.C. § 1983 and California law. Cal. Educ. Code 44114(c).

18   123.    Each of these Defendants is liable for a civil penalty of $10,000 and subject to

19   imprisonment in a county jail up to one year. Cal. Educ. Code 44114(b).

20   124.    Plaintiff FELARCA is entitled to reasonable costs and attorneys' fees under Cal.

21   Educ. Code § 44114(c), Cal. Code Civ. Proc. § 1021.5, and other applicable California

22   codes and law.

23

24

**COUNT SEVEN: Violation of the Bane Act**
**(California Civil Code § 52.1(b))**
**AGAINST DEFENDANTS B.U.S.D., EVANS, LEYVA-CUTLER, ALPER, APPEL,**
**DANIELS, HEMPHILL, VAN THILLO, TAMONDONG-BRADLEY,**
**LEVENSON, COPLAN, and DOES 1-10**

125.    Plaintiff realleges each and every paragraph in this Complaint as if fully set forth here.

126.    The Bane Act, California Civil Code § 52.1, states: "Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with [by threat, intimidation, or coercion], may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured." Cal. Civ. Code § 52.1(b).

127.    As a direct and proximate result of the acts and/or omissions of Defendants BUSD, EVANS, LEYVA-CUTLER, ALPER, APPEL, DANIELS, HEMPHILL, VAN THILLO, TAMONDONG-BRADLEY, LEVENSON, COPLAN, and DOES 1-10, including (1) actions against Plaintiff after her off-duty participation in an anti-racist protest June 26, 2016, (2) actions against Plaintiff after she exercised her rights to free speech, free association, and to engage in concerted union activity in September 2016, and (3) directives admonishing her for and/or prohibiting her from exercising her rights, Plaintiff FELARCA sustained damages as set forth at ¶ 80 above.

128.    Defendants EVANS, LEYVA-CUTLER, ALPER, APPEL, DANIELS, HEMPHILL, VAN THILLO, TAMONDONG-BRADLEY, LEVENSON, COPLAN, and DOES 1-10 subjected Plaintiff FELARCA to their wrongful conduct and deprived her of

1  rights described herein knowingly, maliciously, and with conscious and reckless

2  disregard for whether the rights of Plaintiff FELARCA and others would be violated by

3  their acts and/or omissions.

4  129.    The conduct of Defendants EVANS, LEYVA-CUTLER, ALPER, APPEL,

5  DANIELS, HEMPHILL, VAN THILLO, TAMONDONG-BRADLEY, LEVENSON,

6  COPLAN, and DOES 1-10 entitles Plaintiff FELARCA to exemplary and punitive

7  damages and penalties allowable under 42 U.S.C. § 1983 and California law. Cal. Educ.

8  Code 44114(c).

9  130.    Each of the Defendants in this Count is liable for a civil penalty of $25,000. Cal.

10  Civ. Code 52.1(a).

11  131.    Plaintiff FELARCA is entitled to reasonable costs and attorneys' fees under Cal.

12  Civ. Code 52.1(h), Cal. Code Civ. Proc. § 1021.5, and other applicable California codes

13  and law.

14  **COUNT EIGHT: Violations of Educational Employment Relations Act (EERA)**
   **(California Government Code §§ 3540 *et seq.*)**

15  **DEFENDANT B.U.S.D.**

16  132.    Plaintiff realleges each and every paragraph in this Complaint as if fully set forth

17  here.

18  133.    The Educational Employment Relations Act (EERA) governs collective

19  bargaining between school districts and their employees. Government Code Section

20  3543.5(a) states: "[It is unlawful for a public school employer to i]mpose or threaten to

21  impose reprisals on employees, to discriminate or threaten to discriminate against

22  employees, or otherwise to interfere with, restrain, or coerce employees because of their

23  exercise of rights guaranteed by this chapter." Cal. Govt. Code § 3543.5(a).

24

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES          28

134.     As a direct and proximate result of the acts and/or omissions of Defendant BUSD as set forth above, including, via its employees and/or agents, taking adverse actions against Plaintiff FELARCA in retaliation for engaging in concerted activity among members of her union in September 2016 to reverse the unjust disciplinary actions against her, Plaintiff FELARCA sustained damages as set forth at ¶ 80 above.

135.     As a direct and proximate result of the acts and/or omissions of Defendant BUSD as set forth above, including, via its employees and/or agents as set forth above, violating provisions of the BUSD/BFT Contract including but not limited to:

- Article 5.3: right of union officials to visit BUSD schools on working days
- Article 6.1: prohibition of discrimination based on race
- Article 6.2: prohibition of discrimination based on political affiliation
- Article 12.2: use of sick leave
- Article 12.6: use of personal leave
- Article 12.17: requirement of a timely BUSD request for medical exam to verify sick leave
- Article 15.2: performance review
- Article 15.8: procedure for complaints
- Appendix 3: Academic Freedom

Plaintiff FELARCA sustained damages as set forth at ¶ 80 above.

136.     Plaintiff FELARCA is also entitled to reasonable costs and attorneys' fees under Cal. Code Civ. Proc. § 1021.5 and other applicable California codes and law.

**COUNT NINE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
AGAINST DEFENDANTS EVANS, LEYVA-CUTLER, ALPER, APPEL,
DANIELS, HEMPHILL, VAN THILLO, TAMONDONG-BRADLEY,
LEVENSON, COPLAN, and DOES 1-10**

137.    Plaintiff FELARCA realleges each and every paragraph of this complaint as if fully set forth here.

138.    The acts and/or omissions of Defendants EVANS, LEYVA-CUTLER, ALPER, APPEL, DANIELS, HEMPHILL, VAN THILLO, TAMONDONG-BRADLEY, LEVENSON, COPLAN, and DOES 1-10 as described above, including but not limited to (1) defamation of FELARCA's character after she was stabbed and deluged with racist death threats, (2) the diatribe in the NUC/NUP Letter attacking her political beliefs, ethics, professionalism, and commitment to her students, (3) docking of her pay, (4) forced administrative leave, ban from BUSD property, and gag order for an indefinite period without disclosing the District's charges, (5) prohibitions on her freedom of speech and academic freedom, and (6) racially-targeted interrogations and threats to FELARCA's students and their families, were outrageous. These Defendants abused their positions of authority that gave them real or apparent power to affect Plaintiff FELARCA's interests.

139.    These acts and/or omissions and intended to (and/or were done with reckless disregard of the possibility that such action would) cause Plaintiff FELARCA emotional distress.

140.    Plaintiff FELARCA suffered severe emotional distress, including, but not limited to, substantial and long-lasting suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, mortification, embarrassment, depression, and shame.

141.    Defendants' conduct was a substantial factor in causing Plaintiff FELARCA's

severe emotional distress.

142.    As a direct and proximate result of Defendants' intentional infliction of emotional distress, Plaintiff FELARCA sustained damages, and is entitled to relief as set forth at ¶ 80 above.

143.    Plaintiff FELARCA is also entitled to reasonable costs and attorneys' fees under Cal. Code Civ. Proc. § 1021.5 and other applicable California codes and law.

**COUNT TEN: DEFAMATION**
**AGAINST DEFENDANTS EVANS, LEYVA-CUTLER, and COPLAN**

144.    Plaintiff FELARCA realleges each and every paragraph in this complaint as if fully set forth here.

145.    As set forth above, on June 29, 2016 Defendants EVANS and LEYVA-CUTLER made a statement to all BUSD teachers, staff, and parents that impugned Plaintiff FELARCA's character and declared that BUSD would take action against FELARCA on vague, unsubstantiated charges.

146.    As set forth above, on June 29, 2016 Defendant BUSD Public Information Officer Mark COPLAN also slandered and redbaited FELARCA in speaking to the *Los Angeles Times*.

147.    These statements were done with knowledge that they were false and/or with reckless disregard to their truthfulness.

148.    These statements exposed FELARCA to more racist death threats, caused her public shame and mortification, fueled the present adverse actions by other Defendants against FELARCA, and have compromised her ability to be employed as a teacher anywhere.

149.    As a direct and proximate result of Defendants' acts and/or omissions as set forth

above, Plaintiff FELARCA sustained damages and is entitled to relief as set forth at ¶¶

86-87, above.

150.    Plaintiff FELARCA is also entitled to reasonable costs and attorneys' fees under

Cal. Code Civ. Proc. § 1021.5 and other applicable California codes and law.

## JURY DEMAND

151.    Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff respectfully requests the following relief against each

and every Defendant herein, jointly and severally:

1.    Compensatory and exemplary damages in an amount according to proof and which is fair, just, and reasonable;

2.    Punitive damages under 42 U.S.C. § 1983 and California law in an amount according to proof and which is fair, just, and reasonable;

3.    All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988 and 2000e-5(k); California Civil Code §§ 52.1, and 3294; California Government Code § 12965(b); California Education Code § 44114(c), California Code of Civil Procedure § 1021.5; and as otherwise may be allowed by California and/or federal law;

4.    Injunctive relief, including but not limited to the following:

   a.    an order enjoining Defendants from continuing to impose involuntary leave against Plaintiff FELARCA;

   b.    an order enjoining Defendants from continuing to prohibit Plaintiff FELARCA from entering BUSD property;

   c.    an order enjoining Defendants from continuing to prohibit Plaintiff FELARCA from communicating with anyone about the numerous vague charges against her;

   d.    an order enjoining Defendants to return her wages and enjoin them from withholding further wages pursuant to the June 30, 2016 NUC/NUP Letter;

   e.    an order to rescind the June 30, 2016 NUC/NUP Letter;

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES                32

f.    an order requiring Defendants to make a public posting clarifying the rights of employees in BUSD;

5.    Such other and further relief as supported by the evidence in this case and as this Court and/or the jury may deem appropriate.

By Plaintiff's Attorneys,
UNITED FOR EQUALITY AND AFFIRMATIVE ACTION LEGAL DEFENSE FUND (UEAALDF)

BY:    /s/ Ronald Cruz
Ronald Cruz (State Bar No. 267038)
Shanta Driver (Michigan Bar No. P65007)*
1985 Linden Street
Oakland, California 94607
(510) 875-4463 (Ronald Cruz)
*Pro hac vice application pending

Dated: October 26, 2016

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES                    33