United States District Court
Northern District of California

1
2
3
4      UNITED STATES DISTRICT COURT
5      NORTHERN DISTRICT OF CALIFORNIA
6
7   YVETTE FELARCA,                              Case No. 16-cv-06184-RS
              Plaintiff,
8
         v.                                     **ORDER DENYING MOTION FOR
9                                               PRELIMINARY INJUNCTION**
    BERKELEY UNIFIED SCHOOL
10  DISTRICT, et al.,
11            Defendants.
12

On October 26, 2016, Plaintiff Yvette Felarca sued the Berkeley Unified School District ("BUSD") over a series of disciplinary actions taken against her, including, most centrally, BUSD's decision to place her on paid administrative leave pending an investigation into her conduct. That same day, Felarca moved for a temporary restraining order and/or preliminary injunction forbidding BUSD from restricting her ability to teach or interact with others during its investigation. The motion for temporary restraining order was denied on the basis that Felarca had not established sufficient urgency to justify such a drastic measure and the motion for preliminary injunction was set for hearing in early December. On November 2, 2016, following the conclusion of BUSD's investigation, Felarca was reinstated to active-duty employment with no loss in pay. The parties agree that Felarca's motion is now moot to the extent it seeks reinstatement. She has chosen, nevertheless, to maintain the motion as to other requests for relief.

A preliminary injunction is an "extraordinary remedy" that is "never granted as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain preliminary relief, a plaintiff must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 21-22. The Ninth Circuit has clarified that

courts should evaluate the likelihood of success on a "sliding scale." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011) ("[T]he 'serious questions' version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in Winter."). As quoted in *Cottrell*, that test provides that, "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," provided, of course, that "plaintiffs must also satisfy the other [*Winter*] factors" including the likelihood of irreparable harm. *Id*. at 1135.

Here, Felarca has not met that test. While the complaint seeks injunctive relief, the vast majority of relief sought is mooted by Felarca's reinstatement with no loss in pay. In the complaint, she seeks: (a) an order enjoining BUSD from continuing to impose involuntary leave against her; (b) an order enjoining BUSD from continuing to prohibit her from entering BUSD property, (c) an order enjoining BUSD from continuing to prohibit her from communicating with anyone about the charges against her; (d) an order enjoining BUSD to return her wages and enjoin them from withholding further wages pursuant to the June 30, 2016 "Notice of Unprofessional Conduct and Unsatisfactory Performance" ("NUC/NUP Letter"); (e) an order to rescind the June 30, 2016 NUC/NUP Letter; and (f) an order requiring Defendants to make a public posting clarifying the rights of employees in BUSD.

The requests in sub-sections (a)-(c) appear moot given Felarca's reinstatement and the closure of BUSD's investigation. To the extent Felarca still seeks any such relief, her request is unclear.[1] The relief sought in sub-section (d) relates strictly to monetary injuries. Specifically, it relates to wages withdrawn from Felarca's account when BUSD retroactively disapproved of 25 of her sick and personal leave days from the previous two years. "Mere injuries, however substantial, in terms of money, time and energy necessarily expended ... are not enough. The

---

[1] On November 11, 2016, the parties filed a stipulation to strike as moot "[t]he portion of the Motion for Preliminary Injunction to reinstate Felarca." The stipulation did not address other portions of the complaint that appear mooted by her reinstatement, like allegations about the conditions imposed during BUSD's investigation. Felarca declined to amend her complaint or renew her motion for preliminary injunction after she was reinstated, so the court is left guessing what exactly she is still asking for at this point.

possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.'" *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980).[2] Felarca has not made any showing why she will be irreparably harmed if the relief sought in (f) is delayed, and her scant and conclusory allegations of injury related to the relief sought in (e) are insufficient as explained below.

Felarca's reply brief—her only filing since reinstatement—is almost devoid of any mention of "irreparable harm." The only argument she advances is that BUSD's reclaiming of her wages, if allowed to stand, has an irreparable chilling effect on freedom of speech. In her opening brief, she makes a similar argument in relation the NUC/NUP Letter. Her allegations, however, are insufficient to support this argument. At most, she alleges conclusorily that "BUSD's actions have also had a chilling effect on the free speech and academic freedom of other teachers." Comp. ¶ 5. Felarca does not allege any specific facts in support of that contention. Moreover, a motion for preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings." 9 Wright & Miller, Federal Practice & Procedure § 2949 (2011). While a preliminary injunction may be granted on the basis of affidavits, *see Ross–Whitney Corp. v. Smith Kline & French Laboratories*, 207 F.2d 190, 198 (9th Cir. 1953), or even evidence that would otherwise be inadmissible at trial, *see Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984), Felarca offers nothing in support of her request. Finally, any argument of "irreparable harm" is undermined by the parties' multiple agreements to continue the hearing date on this motion, including most recently a request by Felarca's counsel for a three week extension to file her reply brief. Having failed to establish that she is likely to suffer irreparable harm in the absence of preliminary relief, Felarca's motion is denied. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument and the March 2,

---

[2] In her opening brief, Felarca argues the harm of denying her money is greater because of an "employee's dependence on wages for the necessities of life." *Hudgins v. Neiman Marcus Group, Inc.*, 34 Cal. App. 4th 1109 (1995). *Hudgins* does not involve a motion for preliminary injunction and, in any event, Felarca's argument lacks persuasion in light of her reinstatement with no loss in pay.

ORDER RE PRELIMINARY INJUNCTION
CASE NO. 16-cv-06184-RS
3

2017 hearing will be vacated.

**IT IS SO ORDERED**.

Dated:   February 22, 2017

_____
RICHARD SEEBORG
United States District Judge